# **EXHIBIT B**

Case 4:21-cv-03405   Document 1-2   Filed on 10/15/21 in TXSD   Page 2 of 12

Harris County - County Civil Court at Law No. 4

8/16/2021 12:14 PM
Teneshia Hudspeth
County Clerk
Harris County
Jury Fee Paid

CAUSE NO. **1173810**

| | | |
|---|---|---|
| CHARMANE PARR | § | IN THE COUNTY CIVIL COURT |
| Plaintiff | § § § § | |
| v. | § § § | AT LAW NO. _____ |
| FIESTA MART, LLC A/K/A FIESTA | § § § | |
| Defendant | § | HARRIS COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, CHARMANE PARR, Plaintiff in the above-styled and numbered cause (hereinafter "Plaintiff"), appearing by and through the assistance of the undersigned counsel of record, complaining of and about FIESTA MART, LLC A/K/A FIESTA, and for cause of action respectfully shows the Honorable Court as follows:

### I.
### DISCOVERY CONTROL PLAN

1.1. Plaintiff respectfully requests that the Court enter a Docket Control Order so that discovery can be conducted under Level III.

### II.
### PARTIES

2.1. Plaintiff Charmane Parr (hereinafter "Plaintiff") is a resident of Harris County, Texas.

2.2. Defendant Fiesta Mart, L.L.C. (hereinafter "Defendant") is a domestic limited liability company with its principal place of business in California. Through its business operations, Defendant is often known simply as "Fiesta." Plaintiff respectfully requests that the County Clerk issue a civil citation addressed to CT Corporation System, Defendant's registered agent, at 1999

1

Bryan Street, Suite 900, Dallas, Texas 75201. Since Plaintiff desires to effectuate service via a private process server, Plaintiff respectfully requests that the County Clerk mail the citation to counsel on record.

### III.
### RULE 47 INFORMATION

3.1. Pursuant to Rule 47(c)(1) of the Texas Rules of Civil Procedure, Plaintiff seeks aggregate monetary relief of $250,000 or less, excluding interest, statutory or punitive damages and penalties, and attorney's fees and costs. Plaintiff does not seek non-monetary relief. This matter does qualify for expedited treatment under Rule 169 as well as Section 22.004(h)(1) of the Texas Government Code.

### IV.
### PERSONAL JURISDICTION

4.1. As Defendant is a domestic limited liability company, it is amenable to general jurisdiction in the County Courts of Harris County.

### V.
### SUBJECT MATTER JURISDICTION

5.1. The Court has subject matter jurisdiction over Plaintiff's claims since the amount in controversy exceeds the minimal jurisdictional limits of the Court.

### VI.
### VENUE

6.1. Venue is appropriate in Harris County under Section 15.002(a)(1) of the Texas Civil Practice & Remedies Code as all of part of the events or omissions giving rise to her tort claims occurred in Harris County.

## VII.
## FACTS WHICH ENGENDERED THE PRESENT LITIGATION

7.1.    On or about November 16, 2020, Plaintiff was shopping at one of Defendant's grocery stores. As she was exiting the store, she slipped on an unknown pink substance that was on the floor that she believes to be strawberry ice cream. Plaintiff violently fell to the ground, hitting her head and tailbone. Ms. Parr suffered severe and disabling injuries to her neck and lower back due to the failure of Fiesta to provide a safe premise.

## VIII.
## PREMISES LIABILITY

8.1.    At all relevant times, Plaintiff was a customer at the store in question and was on the premises at the invitation of Defendant.  As a business patron, Plaintiff is classified as an invitee for purposes of premises liability jurisprudence and was owed a full duty of reasonable care by Defendant.

8.2.    At all relevant times, Defendant had control over the premises in question as it owned, operated, managed, controlled, and and/or maintained the store in question.

8.3.    The unknown pink substance on the floor created an unreasonably dangerous condition for Plaintiff and other similarly situated shoppers.

8.4.    Defendant had actual or constructive knowledge of the unknown pink substance on the floor.

8.5.    Pleading in the alternative to Paragraph 8.4, Defendant left the unknown pink substance on the floor and/or otherwise created the dangerous condition.

8.6.    Defendant failed to exercise a reasonable degree of care in order to either reduce or eliminate the unreasonable risk of harm created by leaving the unknown pink substance on the floor.

8.6.  Defendant's failure to use reasonable care in reducing or eliminating the risk of harm caused by the unknown pink substance caused Plaintiff to suffer physical injuries and monetary damages.

8.7.  Plaintiff has incurred the monetary damages specified in Paragraph X of this Original Petition as the proximate result of Defendant's failure to use reasonable care in reducing or eliminating the risk of harm caused by unknown pink substance left on the floor.

## IX.
## NEGLIGENT ACTIVITY

9.1.  Pleading in the alternative to Paragraph VIII of this Original Petition, Plaintiff was injured as a result of Defendant's negligent activity which was ongoing at the time Plaintiff was injured.

9.2.  Defendant and its employees owed a duty to Plaintiff to exercise reasonable care to promote a safe shopping environment for Plaintiff.

9.3.  Defendant and its employees breached the duty of reasonable care owed to Plaintiff by:

(a)  Failing to detect the presence of unknown pink substance on the floor of the store and taking appropriate action to warn Plaintiff and/or otherwise reduce or eliminate the risk posed by the unreasonably dangerous condition;

(b)  Failing to inspect the aisles in the store on a regular basis;

(c)  Failing to clean the aisles in the store on a regular basis;

(d)  Failing to perform standard and routine maintenance which would have uncovered the unknown pink substance.

(e)  Failing to ensure that Plaintiff was provided with a safe shopping environment free of slip and fall hazards and other potential hazards;

(f)  Having employees who walked through the aisle prior to the accident who either deliberately ignored the presence of the unknown pink substance and/or did not employ a reasonable degree of care in checking the floor for potential slip and fall hazards.

(g)  Generally discharging its responsibilities as the owner, operator, manager, controller, and maintainer of the store in a random, haphazard, and careless manner; and/or

      (h)    Committing other negligent acts or omissions to be established at the time of trial.

9.4. Plaintiff suffered physical injuries and monetary damages which were proximately caused by the negligent activity of Defendant.

9.5. Plaintiff has incurred the monetary damages specified in Paragraph X of this Original Petition as the proximate result of Defendant's negligent activity.

## X.
## DAMAGES

10.1. Plaintiff restates and incorporates herein Paragraphs I through IX of this Original Petition.

10.2. Plaintiff has suffered severe physical and mental injuries as a result of Defendant's premises liability and/or negligent activity, including serious and debilitating injuries to her neck, lower back, and body generally.

10.3. Plaintiff seeks recovery of the following monetary damages:

    (a)    Past medical expenses;

    (b)    Reasonably anticipated future medical expenses;

    (c)    Past pain and suffering;

    (d)    Future pain and suffering;

    (e)    Past physical disfigurement;

    (f)    Future physical disfigurement

    (g)    Past mental anguish;

    (h)    Future mental anguish;

    (i)    Past lost wages;

    (j)    Diminished future earning capacity;

    (k)    Loss of enjoyment of life;

       (l)      Past physical impairment;

       (m)    Future physical impairment; and

       (n)     Other monetary damages proximately caused by Defendant's tortious conduct to be determined by the trier of fact.

10.4. Plaintiff additionally seeks pre-judgment and post-judgment interest at the maximum rates allowed by law.

10.5. Plaintiff seeks any additional damages, whether at law or in equity, which are recoverable under Texas tort law and to which she may prove herself to be justly entitled.

## XI.
## CONDITIONS PRECEDENT

11.1. All applicable conditions precedent have been satisfied.

## XII.
## SELF-AUTHENTICATON OF DOCUMENTS
## UNDER RULE 193.7

Plaintiff hereby notifies all parties of his intent to use all documents exchanged and produced between the parties during the pendency of the litigation, including but not limited to correspondence, discovery responses, and deposition exhibits during any pre-trial proceeding at the trial of this matter and/or any pre-trial evidentiary hearing. Such documents shall be deemed self-authenticated under Rule 193.7 of the Texas Rules of Procedure unless the producing party makes a timely written objection which meets the requirements for such an objection under Rule 193.7.

## XIII.
## PLAINTIFF'S REQUESTS FOR DISCLOSURE

Plaintiff hereby requests that Defendant, within fifty days from service of the citation and Original Petition, the information or material set forth in Rule 194.2(a) through (l).

## XIV.
## JURY DEMAND

12.1. Plaintiff hereby demands a trial by jury as to all claims asserted against Defendant. All applicable fees are being paid by Plaintiff contemporaneously with the filing of this Original Petition.

## XIII.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff Charmane Parr respectfully prays that Defendant Fiesta Mart, LLC a/k/a Fiesta be cited to appear and answer herein and that upon final hearing of the cause, judgment be entered in her favor for damages in an amount within the jurisdictional limits of the Court. Plaintiff Charmane Parr prays for such additional relief, at either law or equity, to which she may prove herself to be justly entitled.

Respectfully Submitted,

THE BAIRD LAW FIRM

/s/ Kenneth R. Baird, Esq.
Kenneth R. Baird
Texas Bar No. 24036172
2323 South Voss Road, Suite 325
Houston, Texas 77057
(713) 783-1113
(281) 677-4227 (facsimile)
kbaird@bairdlawfirm.net
COUNSEL FOR PLAINTIFF
CHARMANE PARR

Case 4:21-cv-03405   Document 1-21   Filed on 10/15/21 in TXSD   Page 9 of 12

Harris County - County Civil Court at Law No. 4

1173810
10/11/2021 10:18 AM
Teneshia Hudspeth
County Clerk
Harris County

CAUSE NO. 1173810

| | | |
|---|---|---|
| CHARMANE PARR | § | IN THE COUNTY COURT OF |
| Plaintiff, | § | |
| | § | |
| vs. | § | AT LAW NO. 4 |
| | § | |
| | § | |
| FIESTA MART, LLC A/K/A FIESTA | § | |
| Defendant. | § | HARRIS COUNTY, TEXAS |

### DEFENDANT FIESTA MART, LLC'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant FIESTA MART, LLC, files this Original Answer to Plaintiff's Original Petition and in support thereof, would respectfully show the Court the following:

#### I. General Denial

1. Under Rule 92 of the Texas Rules of Civil Procedure, Defendant generally denies each and every allegation made against Defendant in Plaintiff's Petition.

#### II. Affirmative Defenses

2. Defendant asserts the affirmative defense of contributory negligence. The negligence of Plaintiff caused or contributed to Plaintiff's injures so that the claims are barred or, in the alternative, must be reduced in accordance with the relative degree of Plaintiff's own negligence. Defendant requests the trier of fact to determine Plaintiff's liability and percentage of responsibility pursuant to Texas Civil Practice & Remedies Code section 33.003.

3. Defendant is entitled to all caps and limitations on damages pursuant to the Texas Civil Practice & Remedies Code.

4. Defendant alleges that Plaintiff's injuries and/or damages were caused by an intervening event for which Defendant has no liability.

5. Defendant affirmatively pleads that Plaintiff's injuries were caused by the actions or inactions of parties not under Defendant's control.

6. Defendant affirmatively pleads the defense set forth in Texas Civil Practice and Remedies Code Section 18.091, requiring Plaintiff to prove Plaintiff's loss of earning, loss of contributions of a pecuniary value, and/or loss of earning capacity in the form of a net loss after reduction for income tax payments or unpaid tax liability on said loss or earning claim pursuant to any federal income tax law.

7. To the extent that Plaintiff's medical expenses exceed the amount actually paid on Plaintiff's behalf to Plaintiff's medical providers, Defendant asserts the statutory defense set forth in Section 41.0105 of the Texas Civil Practice and Remedies Code. Thus, recovery of Plaintiff's medical or health care expenses is limited to the amount actually paid or incurred by or on behalf of Plaintiff.

8. Plaintiff's claims for pre-judgment interest are limited by the dates and amounts set forth in Section 304.104 of the Texas Finance Code and Section 41.007 of the Texas Civil Practice & Remedies Code.

### III.  Prayer

FOR THESE REASONS, Defendant FIESTA MART, LLC respectfully prays that the Court enter a judgment that:

1. Dismisses all claims against Defendant FIESTA MART, LLC and orders that Plaintiff takes nothing by reason of Plaintiff's allegations.

2. Orders that Defendant recover all costs incurred in defense of Plaintiff's claims, and that Defendant' judgment against Plaintiff include the following:
   a. Costs of suit; and

    b. Such other and further relief, general and special, at law or in equity, to which Defendant may be justly entitled.

> Respectfully submitted,
> MEHAFFYWEBER, P.C.
>
> By:<u>/s/Maryalyce W. Cox</u>
> Maryalyce W. Cox
> State Bar No. 24009203
> One Allen Center
> 500 Dallas, Suite 2800
> Houston, Texas 77002
> Telephone  - (713) 655-1200
> Telecopier  - (713) 655-0222
> maryalycecox@mehaffyweber.com
>
> ATTORNEY FOR DEFENDANT
> FIESTA MART, LLC.

## CERTIFICATE OF SERVICE

This will certify that a copy of the foregoing document was furnished to counsel for Plaintiff on October 11, 2021, pursuant to the Texas Rules of Civil Procedure.

> <u>*Maryalyce W. Cox*</u>
> Maryalyce W. Cox

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Qiana Moore on behalf of Maryalyce Cox
Bar No. 24009203
QianaMoore@MehaffyWeber.com
Envelope ID: 58054052
Status as of 10/11/2021 1:03 PM CST

Associated Case Party: Charmane Parr

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Kenneth Richard Baird | 24036172 | bairdlawfirm@hotmail.com | 10/11/2021 10:18:35 AM | SENT |

Associated Case Party: FIESTA MART, LLC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Qiana Moore | | QianaMoore@MehaffyWeber.com | 10/11/2021 10:18:35 AM | SENT |
| Maryalyce Cox | | MaryalyceCox@MehaffyWeber.com | 10/11/2021 10:18:35 AM | SENT |
| Carmen Garcia | | edocket@mehaffyweber.com | 10/11/2021 10:18:35 AM | SENT |